UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LANA D. HOUSTON,<br><br>    Plaintiff,<br>vs.<br><br>PROCOLLECT, INC.,<br><br>    Defendant. | CAUSE NO. 3:16-cv-744 |

## COMPLAINT AND APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

For this Complaint and Application for Temporary Injunction and Permanent Injunction, Plaintiff Lana D. Houston, by and through the undersigned counsel, states as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Texas Business & Commerce Code § 305.001, *et seq.,* and Defendant's invasions of the Plaintiff's personal privacy.

2. Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff Lana D. Houston (hereinafter "Plaintiff") is an adult individual, presently residing in this District, and is a "Person" as defined by 47 U.S.C. § 153(39).

5.  PROCOLLECT, INC. ("Defendant") is a Texas corporation with its principal place of business located at 12170 ABRAMS ROAD 100, Dallas, TX 75243-4579, which may be served with process by serving its registered agent for service of process, John W. Bowdich, at 10440 N. Central Exprwy., Suite 520, Dallas, TX 75231.

## FACTS

### *A. The Telephone Consumer Protection Act, 47 U.S.C. § 227*

6.  In 1991, the TCPA was passed by the United States Congress and signed into law by President George H. W. Bush.

7.  The TCPA defines an "automatic telephone dialing system" ("<u>ATDS</u>") as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

8.  The TCPA makes it unlawful:

> "(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-
> ***

> "(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"

47 U.S.C. § 227(b)(1)(A)(iii).

9.  A person or entity can bring an action to enjoin a violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* at § 227(b)(3)

10. A person or entity can bring an action to recover the greater of actual damages or $500.00 for a violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.*

11.     A court may award treble damages for a willful or knowing violation of 47 U.S.C. § 227(b)(1)(A)(iii).  *Id.*

12.     The TCPA directs the Federal Communications Commission ("FCC") to prescribe regulations implementing the restrictions on the use of autodialers. 47 U.S.C. § 227(b)(2).

13.     In 2003, the FCC described "predictive dialers" as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take those calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers…the Commission finds that a predictive dialer falls within the meaning and statutory definition of an [ATDS]…" *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, ¶131-133 (July 3, 2003) ("2003 TCPA Order").

14.     The FCC determined that a "predictive dialer" is an ATDS under the TCPA.  *Id.*

15.     The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* at 14022.

16.     The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call." *Id.* at 14022.

17.     In 2008, the FCC affirmed "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." *In*

*the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Dkt. No. 92–90, 23 FCC Rcd. 559, 566 (2008).

18. In 2012, the FCC again revisited the definition of an ATDS and reemphasized that the term ATDS "covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention..." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling, 27 F.C.C. Rcd. 15391, 15392 n.5 (2012).

19. In its July 10, 2015 Declaratory Ruling and Order, the FCC stated, "the Commission has also long held that the basic functions of an autodialer are to 'dial numbers without human intervention' and to 'dial thousands of numbers in a short period of time.'" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7976 (2015) (*Citing 2003 TCPA Order*, 18 FCC Rcd at 14092, para. 132-33; *see also ACA Declaratory Ruling*, 23 FCC Rcd at 566, para. 13; *SoundBite Declaratory Ruling*, 27 FCC Rcd at 15392, para. 2 n.5.).

20. In its July 10, 2015 Declaratory Ruling and Order, the FCC stated, "How the human intervention element applies to a particular piece of equipment is specific to each individual piece of equipment, based on how the equipment functions and depends on human intervention, and is therefore a case-by-case determination." *Id.*

**B. Defendant's unauthorized collection calls to Plaintiff's cellular telephone.**

21. Defendant maintains a website, on which Defendant states: "ProCollect recently upgraded its predictive/auto dialer technology to a hosted internet based solution. With technology changing faster and faster, auto dialer hardware can become obsolete with in a few years. In order to always be at the forefront of the auto dialer technology we concluded that a host solution would be most advantageous. This new technology sets the standard for call center

optimization by employing proprietary algorithms and dialing logic with SIP/VoIP technology. This enables us to apply Interactive Voice Communication strategies that maximize our right party connectivity with each attempt, delivering the highest return on our investment."

22. The principal purpose of Defendant is the collection of debts in this state and other states, and Defendant regularly attempts to collect debts alleged to be due to another.

23. At all times relevant herein, Defendant called Plaintiff's cellular telephone using an artificial or prerecorded voice and/or an ATDS.

24. Within the four years prior to the filing to this complaint, Defendant has been placing telephone calls to Plaintiff's cellular telephone number, (214) XXX-0572.

25. Defendant often called Plaintiff's cellular telephone numerous times in a single day or in a short period of time.

26. Plaintiff instructed Defendant to stop calling their cellular telephone number. Nevertheless, Defendant continued to call Plaintiff's cellular telephone.

27. Plaintiff does not know how Defendant acquired their cellular telephone number.

28. Plaintiff did not provide Defendant with express consent to place any calls to Plaintiff's cellular telephone number.

29. On each occasion Plaintiff answered Defendant's call, Defendant was looking for persons unknown to Plaintiff for the purpose of collecting an alleged consumer debt.

30. Although other debt collectors also placed calls to Plaintiff's cellular phone seeking unknown individuals, Plaintiff believes that Defendant placed calls on her cellular phone using a prerecorded message or artificial voice.

31. Due to the continued invasion of privacy and annoyance of the of calls to Plaintiff's cellular telephone, Plaintiff downloaded a mobile application on her cellular telephone in order to stop her phone from ringing every time that Defendant called.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227

32. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

33. At all times mentioned herein, and within four years prior to the filing of this action, Defendant called Plaintiff on their cellular telephone using an ATDS and/or using a prerecorded or artificial voice.

34. Plaintiff's telephone number called by Defendant was assigned to a cellular telephone service.

35. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Calls that Defendant placed to Plaintiff's cellular telephone number violated 47 U.S.C. § 227.

37. Defendant continually harassed Plaintiff with the unauthorized calls and Plaintiff suffered an invasion of Plaintiff's privacy and a loss of privacy as a result of the actions of Defendant.

38. Despite Plaintiff directing Defendant to cease all calls to their cellular telephone, Defendant continued to place telephone calls to Plaintiff's cellular telephone. Each such call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff is entitled to an order enjoining any further violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to 47 U.S.C. § 227(b)(3).

40. As a result of each call made by Defendant in negligent violation of the TCPA, Plaintiff is entitled to an award of the greater of actual damages or $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of each call made by Defendant in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF TEX. BUS. & COM. CODE, CHAPTER 305

42. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

43. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

44. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

45. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

46. Plaintiff is entitled to a temporary injunction and a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

47. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

48. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against Defendant:

1. That after due notice and hearing, a TEMPORARY INJUNCTION be issued; and upon final hearing a PERMANENT INJUNCTION be issued, restraining and enjoining Defendant, Defendant's successors, assignees, officers, agents, servants, employees and attorneys and any other person in active concert or participation with Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227, and/or Texas Business & Commerce Code Chapter 305; and

2. That judgment be entered against the Defendant for the greater of actual damages or statutory damages of Five Hundred Dollars ($500.00) for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B), or in the alternative, pursuant to Texas Business & Commerce Code Section 305-053(b); and

3. That judgment be entered against the Defendant for treble damages of up to One Thousand Five Hundred Dollars ($1,500.00) for each and every willful and/or knowing violations pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), or in the

alternative, for each and every knowing or intentional violation pursuant to Section 305-053(c) of the Texas Business & Commerce Code; and

    4.    That the Court order such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED this 17th day of March, 2016.

Respectfully submitted,

**EASTMAN, LIBERSAT & MEYLER, PC**

BY:  s/ SAMUEL W. EASTMAN
    SAMUEL W. EASTMAN
    Texas State Bar No. 24072438
    E-mail: sam.eastman@elmlegal.com
    1706 E. Sixth Street
    Austin, TX 78702
    Tel: (844) 466-7326
    Fax: (512) 879-1861
**ATTORNEYS FOR PLAINTIFF**